THE PEOPLE ex rel. ROBERT BURROUGHS and others, Respondents, v. JOHN H. BRINCKERHOFF and others, Appellants.

*Statutes — permissive and mandatory — Mandamus — when may issue — majority vote of supervisors — construction of § 2, chap. 855, Laws of 1869, and chap. 285 Laws of 1872.*

Although a statute is in terms permissive and not mandatory, yet if the power granted is conferred for public purposes, it imposes a duty to exercise the power whenever the public interests require, and a mandamus may issue to compel the exercise thereof.

Where four out of seven supervisors of Queens county, voted in favor of and three voted against the granting of a petition to authorize the borrowing of money upon the credit of the town of Newtown, for the purpose of the purchase, for public use, and improvement of a portion of the Jamaica plank-road, presented under chapter 285 of the Laws of 1872, and the chairman declared the resolution lost on the ground that it required a two-third vote under section 2, chapter 855 of the Laws of 1869, and nothing further was done by the board; *held,* that the latter act did not apply to the case; and a mandamus should issue, requiring the supervisors either to meet and act upon the petition, or direct their chairman to declare the former resolution passed.

Appeal from an order granting a mandamus.

In May, 1875, the relators, pursuant to chapter 285 of the Laws of 1872, presented a petition to the board of supervisors of Queens county, to borrow a sum not exceeding $60,000 upon the credit of the town of Newtown, in order "to purchase for public use, and *improve*," a portion of the Newtown and Jamaica plank-road.

When the resolution came before the board of supervisors, four out of the seven voted in favor of and three against it. The chair-

man of the board declared the resolution lost, as under section 2 of chapter 855 of the Laws of 1869, a two-third vote was required. And upon an appeal being taken, the decision of the chair was sustained.

After the lapse of six months, the chairman and clerk of the supervisors were required to show cause why a mandamus should not issue, requiring the chairman to declare the resolution adopted, and the clerk to so record it.

Judge Gilbert directed a mandamus to issue, commanding the supervisors to meet and act upon the petition, or direct their chairman to declare the former resolution as having been passed.

The chairman and clerk have appealed.

The following is the opinion of Mr. Justice Gilbert at Special Term, referred to in the opinion of Dykman, J., below:

Gilbert, J. :

I think a majority vote is all that is necessary to a valid exercise of the power, conferred by chapter 285 of the Laws of 1872. The objects stated in the petition to the board of supervisors are the purchase and improvement, for public use, of a plank-road. These objects are specifically mentioned in the act of 1872. They can only be impliedly embraced, if at all, in the act (chap. 855) of 1869. The requirement of a two-third vote in section 2 of the latter act, applies only to the cases referred to in sections 1 and 2 of that act. The case made by the petition does not fall within either of these sections, but is only provided for by the act of 1872. Both statutes are in terms permissive, and not mandatory. But the power granted was conferred for public purposes. They impose a duty to exercise the power whenever the public interests require it. (51 N. Y., 401.)

A mandamus must issue, commanding the supervisors to meet and act upon the petition, or direct their chairman to declare the former resolution thereon as having been passed.

*John J. Armstrong*, for the appellants.

*Prince & Gibson*, for the respondents.

DYKMAN, J. :

The proceedings in this action are taken under, and in pursuance of chapter 285 of the Laws of 1872. The objects stated in the petition to the board of supervisors are specifically provided for in the act of 1872, and that act does not require a two-thirds vote. The law of 1869 has no application to this case. The opinion of Judge GILBERT is entirely satisfactory to us, and the ground need not be gone over. The order granting the mandamus must be affirmed with costs.

. Present — BARNARD, P. J., and DYKMAN, J. GILBERT, J., not sitting.

Order affirmed with costs and disbursements.